CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 07 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5:06CR00059-001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JASON CARLOS JORDAN, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not benefit from the amended guidelines.

On March 23, 2007, the defendant, Jason Carlos Jordan, pled guilty, pursuant to a written plea agreement, to one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and two counts of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The defendant was sentenced on August 8, 2007. Under the advisory sentencing guidelines, the defendant had a total offense level of 21 and a criminal history category of I, resulting in a guideline range of imprisonment of 37 to 46 months, plus 360 months on the two § 924(c) counts. The defendant was ultimately sentenced to a total term of imprisonment of 397 months.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that the base offense levels for crack cocaine offenses were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to

offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 19, resulting in a guideline range of imprisonment of 30 to 37 months, plus 360 months on the two § 924(c) counts. On February 22, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 37 months, plus 360 months on the § 924(c) counts, to 30 months, plus 360 months on the § 924(c) counts. The government subsequently objected to the proposed sentence reduction, and the defendant has now filed a response. For the reasons that follow, the court will overrule the government's objection and effect the proposed reduction in the defendant's sentence.

The government objects to the proposed reduction on the basis that the defendant distributed crack cocaine, and that he possessed firearms in relation to the charged crack cocaine offenses. However, the defendant's offense conduct was fully considered by the court at the time the defendant was originally sentenced. Consequently, the court is unable to find that the defendant's offense conduct should now prevent the defendant from benefitting from the amended guidelines.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 (2007 Supp.), the court will reduce the defendant's sentence to a

2

total term of imprisonment of 390 months, which consists of 30 months on the drug count and a mandatory 360 months on the two § 924(c) counts. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 7th day of April, 2008.

_____
United States District Judge